Kim E. Richman
**THE RICHMAN LAW GROUP**
195 Plymouth Street
Brooklyn, NY 11201
krichman@richmanlawgroup.com
212-687-8291 (telephone)
212-687-8292 (facsimile)

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ANGEL DASENT

               Plaintiff,

     -against-                                   **AMENDED COMPLAINT**
                                                   15-cv-1620-PKC
THE CITY OF NEW YORK, P.O. JONATHAN
MUNOZ (Tax ID# 940937), and P.O.s "JOHN            Jury Trial Demanded
DOE" #1-10 (said names being fictitious, as the
true names are presently unknown), Individually
and in Their Official Capacities,

               Defendants.
-----------------------------------------------------------

       Plaintiff Angel Dasent by his attorney, Kim E. Richman, complaining of the above-referenced defendants, based upon information and belief, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

       Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants The City of New York, P.O. Jonathan Munoz (Tax ID# 940937), and P.O.s "John Doe" #1-10 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of

Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Mr. Dasent's constitutional and civil rights.

3. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action that derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Angel Dasent is a thirty (30) year-old male who was employed as a security guard at the time of the incident at issue here.

7. At all times relevant hereto, Plaintiff was a resident of Bronx County, located in the Southern District of New York.

8. At all times relevant hereto, Defendant the City of New York ("City") was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant hereto, P.O. Jonathan Munoz (Tax ID# 940937), and P.O.'s "John Doe" #1-10 (said names being fictitious, as the true names are presently unknown) were and are police officers employed by the New York City Police Department ("NYPD") and acting under color of state law (collectively, with Defendant City, "Defendants").

10. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Defendant City and its NYPD, pursuant to their authority as employees, servants and agents of the NYPD, within the scope of their employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

11. Defendant City was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

12. On or about December 22, 2013, at approximately 11:00 p.m., Plaintiff was lawfully driving his vehicle, a 2003 model-year Nissan 350Z, on the West Side Highway, by himself and heading uptown.

13. Plaintiff had recently bought the used vehicle and had paid for insurance on the vehicle.

14. While Plaintiff was driving, the vehicle slid on black ice, causing the vehicle to slip off the road and crash.

15. Plaintiff immediately called 911 and waited for Defendant Officers to arrive.

16.     First, an unidentified woman arrived at the scene and began to prepare a summons for Plaintiff, but did not prepare paperwork regarding the accident.

17.     Eventually, two Defendant Officers arrived at the scene and asked for Plaintiff's insurance card. Plaintiff complied and provided Defendant Officers with his Geico insurance card (Policy #4328541018).

18.     Paperwork regarding Plaintiff's accident was not prepared.

19.     Defendant P.O. Munoz stated that Plaintiff's insurance card was fraudulent.

20.     Plaintiff's insurance card was not fraudulent. Plaintiff's insurance card was wholly authentic and indicated that Plaintiff had a Geico Insurance Plan for his 2003 Nissan 350Z, effective from November 5, 2013 through May 5, 2014.

21.     However, upon information and belief, Plaintiff's Geico insurance coverage may have been in temporary lapse on the date of the accident, December 22, 2013. That possibility notwithstanding, Plaintiff's insurance card was not fraudulent or forged in any way.

22.     Despite Plaintiff explaining that his insurance card was not fraudulent, Defendant Officers proceeded to arrest Plaintiff on the basis of allegedly possession a forged instrument.

23.     Defendant Officers placed Plaintiff in an NYPD vehicle and transported him to the NYPD 34th Precinct, leaving Plaintiff's vehicle on the side of the highway.

24.     Plaintiff's vehicle was later towed and Plaintiff was required to pick up his vehicle from the impoundment lot.

25.     At the 34th Precinct, Plaintiff was processed and waited approximately twenty-four (24) hours until arraignment.

26. On or about December 23, 2013, Plaintiff was arraigned under the Docket Number 2013NY096030 and falsely charged with Criminal Possession of a Forged Instrument in the Second Degree.

27. As a result of Defendant Officers' violations of Plaintiff's civil rights, Plaintiff was required to appear in court approximately three (3) times over the next several months to defend himself against this baseless charge.

28. On September 2, 2014, all charges related to this incident were dismissed in favor of Plaintiff.

29. As a result of the aforementioned violations of his civil rights, Plaintiff was detained for approximately twenty-four (24) hours, subjected to the humiliation and emotional distress of being arrested, and searched and led away in full public view, resulting in damage to his esteem and reputation within his community.

## FIRST CLAIM FOR RELIEF: <br> DEPRIVATION OF FEDERAL CIVIL RIGHTS

30. Plaintiff Angel Dasent repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

32. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities accorded by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, such acts being actionable under 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the actual and/or apparent authority attendant thereto.

34.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant City and the NYPD, all under the supervision of ranking officers of said department.

35.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of Defendant City that is forbidden by the Constitution of the United States.

36.     By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983

37.     Plaintiff Angel Dasent repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

38.     As a result of Defendants' aforementioned conduct, Plaintiff was subjected to an illegal, improper and false arrest by Defendants and taken into custody and falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

39.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

40.     As a result of his false arrest, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress.

Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community.

### THIRD CLAIM FOR RELIEF: <br> MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

41. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

42. Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

43. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff, who was acting lawfully, to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

44. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the arrest numbers of the NYPD. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

45. As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

46. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF: <br> MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

47. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

48. Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges and to suffer a significant deprivation of liberty in connection therewith.

49. The criminal charges against Plaintiff were terminated in his favor.

50. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

51. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

52. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community.

## FIFTH CLAIM FOR RELIEF: <br> EQUAL PROTECTION UNDER 42 U.S.C. § 1983

53. Plaintiff Angel Dasent repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

54. Defendants unlawfully singled out Plaintiff and violated his First, Fourth, Fifth, and Fourteenth Amendments, in part because of his race and gender and in part because he was exercising his constitutional rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

55. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

56. As a result of Defendants' unlawful acts, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community.

### SIXTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

57. Plaintiff Angel Dasent repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

58. Defendants falsely arrested and maliciously prosecuted Plaintiff despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

59. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

60. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies,

usages, practices, procedures and rules of Defendant City and its NYPD, all under the supervision of ranking officers of said department.

61. The aforementioned customs, policies, usages, practices, procedures of Defendant City included, but were not limited to, continuing criminal proceedings without evidence of criminal activity.

62. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City constituted a deliberate indifference to Plaintiff's constitutional rights.

63. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

65. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

66. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

67. Defendant City, as municipal policymaker in the training and supervision of P.O. Jonathan Munoz, and P.O.s "John Doe" #1-10 (said names being fictitious, as the true names are presently unknown), has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights guaranteed by the First, Fourth,

Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

68. All of the foregoing acts by Defendants deprived Plaintiff Angel Dasent of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from false arrest; and

    **c.** To receive equal protection under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         June 26, 2015

                                    Respectfully submitted,

                                    _____
                                    Kim E. Richman
                                    **THE RICHMAN LAW GROUP**
                                    195 Plymouth Street
                                    Brooklyn, NY 11201
                                    krichman@richmanlawgroup.com
                                    212-687-8291 (telephone)
                                    212-687-8292 (facsimile)

                                    *Attorney for Plaintiff*