

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

PAUL H. JOHNSON
Assistant Corporation Counsel
E-mail: pajohnso@law.nyc.gov
Phone: (212) 356-2656
Fax: (212) 788-9776

December 4, 2015

**BY ECF**
Honorable Judge P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   Angel Dasent v. City of New York et al.
>        15 Civ. 1620 (PKC) (MHD)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the City and Police Officer Jonathan Munoz in the above-referenced matter. Defendants write in response to Plaintiff's December 1, 2015 letter regarding proposed discovery on the issue of insurance coverage on plaintiff's vehicle and how long would be required to complete that discovery. As both plaintiff and defendants have produced documents in their initial disclosures regarding plaintiff's automobile insurance coverage at the time of the accident at issue in this case, defendants respectfully submit that no further discovery is needed. Therefore defendants believe the burden and expense of plaintiff's proposed additional discovery outweighs its likely benefit and additional discovery should be denied under Fed. R. Civ. P. 26(b).

    Plaintiff states in his December 1, 2015 letter to the court that even if defendants had probable cause to arrest plaintiff, that probable cause dissipated between the time of plaintiff's arrest on December 22, 2013 at 4:32 a.m. and the signing of the criminal complaint on December 22, 2013 at 4:52 p.m. However, both plaintiff and defendants in their Initial Disclosures have produced correspondence dated February 3, 2014 from plaintiff's insurance company stating that plaintiff did not have insurance coverage on the date of the incident at issue in his Complaint.

    Further, even if plaintiff were to claim probable cause dissipated between plaintiff's arrest and the commencement of criminal proceedings against plaintiff, a lack of probable cause is not the only element of a malicious prosecution claim. A plaintiff must plead facts suggesting evidence of malice in a malicious prosecution claim. A plaintiff may not merely infer malice in a malicious prosecution claim where there are no facts upon which to base that assumption. Fulton v. Robinson, 289 F.3d 188 (2d Cir. 2002). Plaintiff has pled no facts to suggest actual malice or

facts to suggest that probable cause for plaintiff's criminal prosecution dissipated. As the Court asked solely what discovery was needed on the issue of plaintiff's automobile insurance on the date of the incident at issue in his Complaint and that defendants and plaintiff have produced evidence regarding plaintiff's insurance coverage; defendants state that no further discovery is necessary. Fed. R. Civ. P. 26(b)(1) states that when judging a discovery request, the requested discovery need be "proportional to the needs of the case" and that the Court must determine "whether the burden or expense of the proposed discovery outweighs its likely benefit." As plaintiff already has all the information necessary to prove whether he had automobile insurance on the date at issue in this matter, defendants believe further discovery is unnecessary.

Respectfully submitted,

/s

Paul H. Johnson
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Kim E. Richman, (via ECF)
The Richman Law Group
*Attorneys for Plaintiffs*